UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER RAY WISEMAN, | CASE NO. 1:13-cv-01951-MJS |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| MATHEW CATE, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Chester Ray Wiseman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2013. (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction.  (ECF No. 5).  His complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

1   raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

2   relief may be granted, or that seek monetary relief from a defendant who is immune from

3   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

4   thereof, that may have been paid, the court shall dismiss the case at any time if the court

5   determines that . . . the action or appeal . . . fails to state a claim upon which relief may

6   be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7   **III.     SUMMARY OF COMPLAINT**

8          The Complaint identifies the following individuals as Defendants: (1) Mathew

9   Cate, Secretary of the California Department of Corrections and Rehabilitation; (2)

10  George J. Giurbino, Director of Adult Institutions; (3) David Skaggs, Community

11  Resources Manager Religious Programs; (4) Martin D. Biter, Warden, Kern Valley State

12  Prison (KVSP); (5) D. Davey, Chief Deputy Warden, KVSP; (6) C. Pfeiffer, Associate

13  Warden, KVSP; (7) J.D. Lozano, Chief Inmate Appeals Coordinator; (8) K.J. Allen,

14  Appeals Examiner; (9) K. Whisler, Supervising Correctional Cook; (10) A. Herrera,

15  Supervisng Correctional Cook; (11) M. Mills, Cook, KVSP; and (12) E. Agu, Supervising

16  Correctional Cook.

17         Plaintiff alleges the following:

18         On March 18, 2010, Defendant Giurbino issued a memorandum directing

19  correctional food managers to purchase Halal meats for the Religious Meat Alernative

20  Program (RMAP).  (Compl. at 7.)  Plaintiff participates in this meal program at KVSP.

21  RMAP serves religiously compliant meals containing meat at dinner but vegetarian

22  meals at breakfast and lunch.  Kosher and vegetarian religious meal programs offer

23  three observant meals daily.  Occasionly the Halal version of the secular dinner amounts

24  to less food; Plaintiff has lost weight as a result.  (Id. at 3.)

25         Plaintiff notifed Warden Biter on June 6, 2012 via letter that RMAP was

26  insufficient because it failed to provide Halal meat at all three meals while other religious

27  meal programs provided religiously proper meals at breakfast, lunch, and dinner.  The

28

2

1  next day Plaintiff reiterated his complaints in a letter to Secretary Cate.   Neither

2  Defendant responded or took steps to correct the situation.  (Id. at 8 and 9.)

3  On July 15, 2012, Plaintiff filed an inmate grievance regarding the food program.

4  (Id. at 39.)  Defendants Whisler and Herrera interviewed Plaintiff as part of the first and

5  second level responses, respectively.   Neither Defendant took corrective action.  (Id. at

6  9-11.)  Defendant Pfeiffer denied Plaintiff's grievance at the first level of review because

7  the breakfast and lunch meals provided to observant Muslims such as Plaintiff, while

8  vegertarian, met Halal requirements.  (Id. at 32.)  Defendant Davey denied the grievance

9  at the second level of review on the same basis.  (Id. at 34-5.)  Defendants Allen and

10  Lozano authored the third level response and also denied Plaintiff's grievance.  The

11  Defendants stated, "[t]he vegeatarian option for breakfast and lunch meets Halal

12  requirements.   The reviewer determined that the appellant did not provide any

13  supporting evidence that KVSP is not meeting his dietary requirements according to his

14  religious beliefs." (Id. at 37.)  On January 15, 2013, Defendant Skaggs responded on

15  behalf of Secretary Cate to Plaintiff's June 7, 2012 letter.  Defendant Skaggs stated that

16  RMAP was crafted with the assistance of the Muslim community and designed to satisfy

17  nutritional need.  (Id. at 12, 13, and 46.)

18  At times the RMAP meals were served burned and in smaller portions.  On April

19  14, 2013, Plaintiff filed an inmate request to address the food problems.  Defendant Mills

20  provided the staff response which denied serving smaller portions and ensured that food

21  would be heated properly.   Defendant  Agu reviewed Plaintiff's request at the

22  supervisory level and explained that items with non-Halal meat couldnot be substituted

23  with a Halal mix.  He also noted that other vegetarian items were provided.  (Id. at 48.)

24  Plaintiff asserts that RMAP has denied him the ability to freely exercise his

25  religion, in violation of the First Amendment and the Religious Land Use and

26  Institutionalized Persons Act, violated his Eighth Amendment right to adequate food, and

27  deprived him of his Fourteenth Amendment right to equal protection.  The Court will

28  address each claim below.

1 **IV.    ANALYSIS**

2     **A.    Section 1983**

3       Section 1983 "provides a cause of action for the 'deprivation of any rights,

4 privileges, or immunities secured by the Constitution and laws' of the United States."

5 Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

6 Section 1983 is not itself a source of substantive rights, but merely provides a method for

7 vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

8 (1989).

9       To state a claim under Section 1983, a plaintiff must allege two essential

10 elements: (1) that a right secured by the Constitution or laws of the United States was

11 violated and (2) that the alleged violation was committed by a person acting under the

12 color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

13 Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

14       A complaint must contain "a short and plain statement of the claim showing that

15 the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

16 are not required, but "[t]hreadbare recitals of the elements of a cause of action,

17 supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.

18 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

19 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

20 plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility

21 that a defendant committed misconduct and, while factual allegations are accepted as

22 true, legal conclusions are not.  Id. at 1949-50.

23     **B.    Free Exercise**

24       The First Amendment "prohibits government from making a law 'prohibiting the

25 free exercise (of religion).'"  Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam)

26 (alteration in original).  Prisoners "retain protections afforded by the First Amendment,"

27 including the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348

28 (1987).  "A prisoner's right to freely exercise his religion, however, is limited by

4

1   institutional objectives and by the loss of freedom concomitant with incarceration."

2   Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013)

3   (citing O'Lone, 482 U.S. at 348).

4          In order to establish a free exercise violation, a prisoner must show a defendant

5   burdened the practice of his religion without any justification reasonably related to

6   legitimate penological interests.  See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir.

7   2008).   Only beliefs which are both sincerely held and rooted in religious beliefs trigger

8   the Free Exercise Clause.  Id. at 884–85 (citing Malik v. Brown, 16 F.3d 330, 333 (9th

9   Cir. 1994) and Callahan v. Woods, 658 F.2d 679, 683 (9th Cir.1981)).

10         The Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits

11  prison officials from substantially burdening a prisoner's "'religious exercise unless the

12  burden furthers a compelling governmental interest and does so by the least restrictive

13  means.'"  Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting  Warsoldier v.

14  Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).

15         Plaintiff alleges that the failure to provide Halal meat at all three meals is a burden

16  on the practice of his religion without reasonable justification and therefore violates the

17  First Amendment and RLUIPA.   However, he does not explain why and how   a

18  vegetarian meal burdens his religious practice.  It might be he feels he is being put in a

19  position of having to suffer malnourishment or violate his religion by eating non-Halal

20  food.  However, he does not so allege and it is doubtful he could do so properly without

21  having expertise in determining the nutritional value of the foods provided.   In this

22  regard, he says only that he thinks the Halal meals "occasionally" provide less food and

23  that he has lost weight over time.   However, Plainitff's lay belief that the meals may

24  provide less food is inconsistent with the Defendants' multiple responses, attached to the

25  pleading, that all three meals meet religious and dietary rerequirements.   These facts

26  were cited as the basis for each denial of Plaintiff's inmate grievance.  (Id. at 32, 34, and

27  37.)

28

5

1    The Complaint does not include any clear factual allegations explaining how the

2    vegetarian meals burden Plaintiff's religious practice.  It therefore fails to state a claim

3    under either the First Amendment or RLUIPA.  See Sefeldeen v. Alameida, 238 F.App'x.

4    204 (9th Cir. 2007) (affirming summary judgment for defendant prison officials against

5    free exercise and RLUIPA claims; plaintiff "identifies no evidence in the record

6    suggesting that eating the offered vegetarian meal plan violated any principles of his

7    personal religious belief").  The Court will grant Plaintiff leave to amend.  To state a claim

8    Plaintiff must allege facts explaining how exactly RMAP burdens the practice of his faith.

9    ## C.    Eighth Amendment

10   The Eighth Amendment's prohibition against cruel and unusual punishment

11   protects prisoners not only from inhumane methods of punishment but also from

12   inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

13   Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v.

14   Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of

15   confinement may be, and often are, restrictive and harsh, they must not involve the

16   wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes,

17   452 U.S. at 347) (quotation marks omitted).  To maintain an Eighth Amendment claim, a

18   prisoner must show that prison officials were deliberately indifferent to a substantial risk

19   of harm to his health or safety.  Farmer, 511 U.S. at 847.

20   Plaintiff alleges that the RMAP meals are nutritionally deficient at times and has

21   caused him to lose weight.  "Adequate food is a basic human need protected by the

22   Eighth Amendment."  Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135

23   F.3d 1318 (9th Cir. 1998).  "The Eighth Amendment requires only that prisoners receive

24   food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."

25   LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

26   Plaintiff has been enrolled in RMAP since April 2012.  Medical records attached to

27   the Complaint show that Plaintiff lost twenty-three pounds from April 5, 2012 to

28   September 19, 2013, a period of over 17 months.  (Compl. at 50-59.)  However, his

1   weight loss was steady but not dramatic and could be attributable to any number of

2   casues. The most recent medical progress note indicates that Plaintiff is approximately

3   5'5'' and weighs 173 pounds.  (Id. at 51.)  According to presumably reliable Center for

4   Disease Control   height and weight charts[1], it seems Plainitff is anything but

5   malnourished.   Moreover, it appears he receives three meals a day, attends regular

6   medical appointments where his weight is recorded, and alleges no physical side effects

7   from weight loss.

8          Plaintiff's allegations are insufficient to give rise to the inference that he is not

9   receiving sufficient food to maintain his health.  See, e.g., Foster v. Runnels, 554 F.3d

10  807, 812-13, 813 n. 2 (9th Cir. 2009) (A prisoner who was denied 16 meals in 23 days,

11  lost weight, and suffered headaches and dizziness as a result of inadequate nutrition

12  alleged a sufficiently serious deprivation to implicate the Eighth Amendment.).

13         The Court will grant leave to amend.  To state a claim Plaintiff must allege facts in

14  support of his conclusion that the RMAP meals were not sufficient to maintain his health.

15  Gradual weight loss over approximately eighteen months alone will not suffice.

16         **D.      Equal Protection**

17         "The Equal Protection Clause . . . is essentially a direction that all persons

18  similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc.,

19  473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  A prisoner is

20  entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity

21  afforded fellow prisoners who adhere to conventional religious precepts.'"  Shakur v.

22  Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22

23  (1972) (per curiam)).  To state a claim, a plaintiff must allege facts sufficient to support

24  the claim that prison officials intentionally discriminated against him on the basis of his

25  religion by failing to provide him a reasonable opportunity to pursue his faith compared

26  to other similarly situated religious groups.  Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d

27

28  [1] http://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html

7

1   at 891; <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003); <u>Lee v. City of Los

2   Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001); <u>Freeman v. Arpaio</u>, 125 F.3d 732, 737 (9th

3   Cir. 1997), overruled in part on other grounds by <u>Shakur</u>, 514 F.3d at 884-85.

4          Plaintiff alleges that Muslim inmates are provided with Halal meat only at dinner

5   while the kosher and vegetarian meal programs provide religiously observant food at all

6   meals.  The Complaint does not explain how the vegetarian breakfast and lunch offered

7   to Muslims are religiously inadequate.  There are no allegations describing how the

8   kosher or vegetarian breakfast and lunch are in any way superior to the meals provided

9   to Muslims.  Plaintiff included in his pleading multiple statements from certain

10  Defendants indicating that the breakfast and lunch meals, while vegetarian, meet Halal

11  requirements.  Plaintiff's own allegations do not refute this assertion.

12         The Complaint fails to state an equal protection claim.  Plaintiff will be granted

13  leave to amend.  To state a claim Plaintiff must allege facts demonstrating that he was

14  denied a reasonable opportunity to practice his faith with regard to his diet as compared

15  to similar religious groups.  Any amended complaitn must address how the RMAP

16  offerings are deficient in comparison to other religious meal programs.

17  **V.      CONCLUSION**

18         Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff

19  an opportunity to file an amended complaint.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49

20  (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts

21  resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff

22  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

23  <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate

24  that each named Defendant personally participated in a deprivation of his rights.  <u>Jones

25  v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

26         Plaintiff should note that although he has been given the opportunity to amend, it

27  is not for the purposes of adding new claims.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th

28

1    Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on

2    curing the deficiencies set forth above.

3         Finally, Plaintiff is advised that Local Rule 220 requires that an amended

4    complaint be complete in itself without reference to any prior pleading.  As a general

5    rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

6    F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint

7    no longer serves any function in the case.  Therefore, in an amended complaint, as in an

8    original complaint, each claim and the involvement of each defendant must be

9    sufficiently alleged.  The amended complaint should be clearly and boldly titled "First

10   Amended Complaint," refer to the appropriate case number, and be an original signed

11   under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P.

12   8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

13   right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations

14   omitted).

15        Accordingly, it is HEREBY ORDERED that:

16        1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

17   and (2) a copy of his Complaint, filed December 2, 2013;

18        2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which

19   relief may be granted;

20        3.    Plaintiff shall file an amended complaint within thirty (30) days; and

21        4.    If Plaintiff fails to file an amended complaint in compliance with this order,

22   this action will be dismissed, with prejudice, for failure to state a claim and failure to

23   comply with a court order.

24
     IT IS SO ORDERED.
25

26   Dated:    February 27, 2014          /s/ *Michael J. Seng*

27                                        UNITED STATES MAGISTRATE JUDGE

28
                                   9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28